IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                          :        CASE NO. 09-00699

COSTA BONITA BEACH                              :
RESORT, INC.                                    :        CHAPTER 11
                                                :
        Debtor                                  :
                                                :

## OPINION AND ORDER

Before the court is Doral Bank's (hereinafter referred to as the "Creditor") motion for an order to determine that Costa Bonita Beach Resort, Inc. (hereinafter referred to as the "Debtor") is a single asset real estate property or project as defined in the Bankruptcy Code, 11 U.S.C. §101(51B). For the reasons set forth below this court determines that Debtor is a single real estate property or project pursuant to §101(51B) of the Bankruptcy Code. As such, Debtor is subject to §362(d)(3) of the Bankruptcy Code.

### Facts and Procedural Background

The Debtor filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code on February 3, 2009. Creditor's claim was included in Debtor's Schedule D (Creditors Holding Secured Claims) as disputed. Creditor filed a secured proof of claim on April 6, 2009 in the amount of $4,226,822.32. The 341 meeting of the creditors was held on March 12, 2009 (Docket No. 17).

On April 22, 2009, Creditor filed a "Motion For An Order Determining Debtor To Be Subject To 11 U.S.C. §101(51B)" alleging that Debtor satisfies the three prong test in the statutory definition, and as a Single Asset Real Estate ("SARE"), Debtor is subject to 11 U.S.C. § 362(d)(3) (Docket No. 29). Debtor filed an "Answer To Motion For An Order Determining Debtor To Be Subject To 11 U.S.C. §101(51B)" on May 4, 2009 claiming that Debtor is not a SARE since the same, "... is involved in substantial business other than the operation of its real property and incidental activities, consisting of the operation of a commercial area dedicated to restaurant and a convenience store, and the rental of condominium units and the sale there." (Docket No. 34, paragraph #4). Subsequently, on May 6, 2009 Creditor filed a "Memorandum of Doral Bank In Response To Debtor's Answer To

Motion For Determination That Debtor Is A Single Asset Real Estate Entity" in which it reaffirms its position that Debtor's business falls within the definition of a SARE pursuant to 11 U.S.C. §101(51B) (Docket No. 35). Creditor in its motion argues that Debtor fails to present any evidence which proves that it is involved in substantial business operations other than the selling and marketing of the individual condominium units within the Costa Bonita Beach Resort project. Creditor also argues that the condominium units which remain for sale constitute a "single asset" and a "single project," due to the following: "The remaining condominium units located at the property are a "single asset" since they have not been segregated from the main parcel over which the condominium regime was constituted, and additionally the condominium development was and continues to be a "single project" of Debtor. The reason for being labeled a single project is that from its origin Debtor was engaged in a single project– designing and building a condominium structure with intent to sell the condominium units once the project was completed." (Memorandum of Doral Bank In Response to Debtor's Answer to Motion for Determination that Debtor is a Single Asset Real Estate Entity, p. 6) Furthermore, Creditor alleges that this project generates substantially all of the Debtor's income since income is derived primarily from the sale and/or rental of the condominium units. Incidental income from the sale and/or rental of condominium units is generated from the concession store or the restaurant.

The court on May 12, 2009 issued an Order and Notice scheduling all of the aforementioned motions for a hearing on June 23, 2009, and requested both parties to file proposed findings of fact and conclusions of law ten (10) days prior to the hearing (Docket No. 36). Creditor filed its "Motion In Compliance With Order Regarding Findings of Facts and Conclusions of Law" on June 17, 2009 (Docket No. 41). On June 19, 2009 Debtor filed its "Motion In Compliance With Order Regarding Findings Of Facts and Conclusions Of Law" (Docket No. 42). At the hearing, Debtor agreed with all of the proposed findings of facts which Creditor included in its Motion in Compliance with Order Regarding Findings of Facts and Conclusions of Law. The only minor discrepancy found by Debtor with respect to Creditor's proposed findings of facts was regarding paragraph #20 in which Debtor noted that Creditor's first priority lien and mortgage on the real property, improvements and/or structures on which the condominium is located has been duly presented but has not been recorded

by the Puerto Rico Property Registry.[1]

Applicable Law and Analysis

*Single Asset Real Estate Cases ("SARE")*

Section 101(51B) of the Bankruptcy Code defines the term "single asset real estate" as, "... real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental." 11 U.S.C. § 101(51B). Pursuant to Section 101(51B) in order for a bankruptcy case to fall under the definition of a SARE it must satisfy the following three (3) factors: (i) the real property must constitute a single property or project, other than residential real property with fewer than four residential units; (ii) the real property must generate substantially all of the debtor's gross income; and (iii) debtor must not be involved in any substantial business other than the operation of its real property and incidental activities. In re Philmont Dev. Co., 181 B.R. 220, 223 (Bankr. E.D. Pa. 1995).

The first factor which the bankruptcy case must satisfy is whether the real property constitutes a single property or project, other than residential real property with fewer than four residential units. Apartment buildings and residential projects are within the scope of Section 101(51B). In re Kkemko, Inc., 181 B.R. 47, 50 (Bankr. S.D. Ohio 1995); In re Philmont Dev. Co., 181 B.R. at 224. In the instant case, Debtor acquired title to a property of 39,402.945 square meters (10.0252 "cuerdas") located at the Frailes Ward in Culebra, Puerto Rico on October 30, 2001. Debtor developed this property into a residential condominium known as "Costa Bonita Beach Resort Condominium" and was built as a single property. The Costa Bonita Beach Resort Condominium consists of 41 buildings or clusters with a total of 164 residential units. On June 25, 2003 Costa Bonita Beach Resort Condominium was constituted under the regime of horizontal property pursuant

---

[1]Whether or not Doral has a duly perfected lien over the property will not affect the outcome of the contested matter before the court, that is, if this is a single asset real estate case. As of this date the Debtor has not objected by motion or adversary proceeding the secured claim filed by Doral on April 6, 2009. Also Doral is listed as a secured creditor in Schedule D.

to deed number 13 executed in San Juan, Puerto Rico before notary public Francisco José García García . The Costa Bonita Beach Resort Condominium is the only project developed by the Debtor. Debtor only sells the real estate at the Costa Bonita Beach Resort Condominium. (Motion in Compliance with Order Regarding Findings of Facts and Conclusions of Law, paragraphs #3, 4, 5, 6, 7, and 8).

Costa Marina Beach Resort Condominium constitutes a single project of 41 buildings or clusters with a total of 164 residential units of which 50 (per Schedule A- Real Property) are currently for sale. Debtor currently leases to Costa Bonita Villas Management Corp. the first and second floor of the reception area of the "Commercial Area of Costa Bonita" which forms part of the Costa Bonita Beach Resort Condominium project (Joint Exhibit #13- Commercial Property Lease Agreement, pgs. 1-2). According to the contract clauses in the Commercial Property Lease Agreement, Costa Bonita Villas Management is only permitted to operate a food and beverage store in this leased area. Debtor also leases 20 villas to Costa Bonita Villas Management Corp. However, clause twelve (12) of the Lease Agreement (Joint Exhibit #14) stipulates that these villas are for sale and if a sale of one of these villa takes place the same shall be excluded from the group of villas which are subject to this contract (Joint Exhibit #14- Lease Agreement).

Costa Bonita Beach Resort Condominium satisfies the first prong of the SARE test, as it is a single project located in a parcel (grouping of parcels 391 and 428) of land with 41 buildings or clusters that have 164 residential units and other amenities such as a commercial unit, a pool, parking facilities, and other common areas. Furthermore, the financing for the Costa Bonita Beach Resort Condominium was treated as one project by the Debtor, given that the construction loan was used primarily to finance part of the construction of the residential walk-ups of the project and to finance the development of certain improvements in the common areas of the project (Joint Exhibits 6-8, in particular Joint Exhibit #6, paragraph three on pg. 2).

The second prong of the SARE test is whether the real property generates substantially all of the Debtor's gross income. At the June 23, 2009 hearing, Mr. Carlos Escribano, President of Debtor, testified that the revenues of the Debtor originated from the following three (3) sources: (i) the sale of residential units; (ii) the lease with Costa Bonita Villas Management Corp. for the rental of

residential units; and (iii) the lease with Costa Bonita Villas Managment Corp. for some commercial area of the Costa Bonita Beach Resort Condominium. It is clear from Mr. Escribano's testimony that Debtor's real property (namely, Costa Bonita Beach Resort Condominium) generates all of its gross income, thus satisfying the second prong of the SARE test.

The remaining prong of the SARE test is whether the Debtor has any other substantial business activities other than the operation of its real property, namely the Costa Bonita Beach Resort Condominium project. In In re Kkemko, the court noted that in common usage the term single asset real estate generally referred to buildings or raw land which were intended to be income producing. In re Kkhemko, 181 B.R. at 49. With respect to this last criteria, Mr. Escribano testified at the hearing that Debtor's other business activities consisted of three major areas which are the following: (i) developing a yacht club on the north area of the Costa Bonita Beach Resort; (ii) intention of developing an international exchange vacational program similar to a timeshare program; and (iii) Debtor's 50% participation in Hill Top Corporation. Mr. Escribano also testified that regarding the yacht club, a United States contractor had substantially developed the marina but that such project is currently on hold. These potential business activities, namely the marina and the international vacational program described by Mr. Escribano are currently in their developmental stages and at the present time Debtor is not conducting any operational business activities related to the same. Debtor's 50% participation in the common stock of Hill Top Corporation cannot be considered a "substantial business activity" because Debtor as a shareholder of Hill Top Corporation is merely entitled to receive passive income in the form of dividends from such corporation.

In In Centofante v. CBJ Dev. (In re CBJ Dev.), the court noted that, "[t]he use of the present tense by Congress in §101(51B) suggests that only current activities may be considered in determining whether the debtor is conducting substantial business activities other than the operation of the property." In Centofante v. CBJ Dev. (In re CBJ Dev.), 202 B.R. 467, 472 (B.A.P. 9th Cir. 1996). The other substantial business activities or operations a debtor carries out must be separate and distinct from owning and managing real estate. See Ad Hoc Group of Timber Noteholders v. Pacific Lumber Co. (In re Scotia Pacific Co., LLC), 508 F. 3d 214, 217 (5th Cir. 2007). This court finds that Debtor is not involved in any substantial business other than owning and managing the

Costa Bonita Beach Resort Condominium, thus satisfying the third prong of the SARE test.

Conclusion

In view of the foregoing, the court concludes that Debtor satisfies all three (3) prongs of the SARE test, and, as such, is a single asset real estate case and is subject to 11 U.S.C. § 362(d)(3).

SO ORDERED.

In San Juan, Puerto Rico, this 24th day of July 2009

ENRIQUE S. LAMOUTTE
U. S. Bankruptcy Judge