IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:      :      CASE NO. 09-00699

COSTA BONITA BEACH
RESORT, INC.      :      CHAPTER 11

     Debtor      :

## OPINION AND ORDER

Before the court is Dev S.E.'s (hereinafter referred to as the "Creditor") motion requesting relief from the automatic stay so that it may proceed with state court proceedings regarding damages based on a partial judgment which held that Desarrolladora Punta Carenero, Sociedad en Comandita, S.E. and Desarrolladora Punta Carenero, Inc. (hereinafter referred to as "Desarrolladora Carenero") had constructed an illegal servitude on Creditor's parcel of land. Costa Bonita Beach Resort, Inc. (hereinafter referred to as the "Debtor" or "Costa Bonita") filed an answer to Creditor's request for the lift of the automatic stay alleging various defenses which will be discussed herein. For the reasons set forth below this court grants Creditor's request that the automatic stay to be modified to allow Creditor to continue with the state court proceedings for the determination of damages due to the construction of the illegal servitude. Also, this court concludes that 11 U.S.C. §362(e)(1) and Fed. R. Bank. P. 7001(2) are inapplicable to this case.

## Facts and Procedural Background

The Debtor filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code on February 3, 2009. Creditor's unsecured claim was included in Debtor's Schedule F (Creditors Holding Unsecured Nonpriority Claims) as contingent and disputed for an amount of $100,000.00. Debtor also included in its Schedule F (Creditors Holding Unsecured Nonpriority Claims) Desarrolladora Carenero's claim for the sale of the Costa Bonita Beach Resort development in the amount of $3,000,000.00. [1] Creditor filed an unsecured proof of claim on April 29, 2009 in the amount of

---

[1]The court notes that in conformity with the Deed for Purchase and Sale (deed number 16) executed on October 30, 2001 before Notary Public Francisco J. Garcia Garcia the purchase price of

$2,600,000.00. The record reflects that Desarrolladora Carenero has not filed a proof of claim in this case. The 341 meeting of the creditors was held on March 12, 2009 (Docket No. 19).

On October 22, 2009, Creditor filed a motion to lift the automatic stay (Docket No. 115) based on the following allegations: (i) Debtor constructed an illegal easement and road which are not necessary for its reorganization; (ii) the illegal easement and road constructed by Debtor is not property of the estate pursuant to 11 U.S.C. §541 of the Bankruptcy Code since Debtor does not have an interest in such easement; (iii) pursuant to Articles 1161-166 of the Puerto Rico Civil Code, 31 L.P.R.A. §294-299, the illegally constructed easement is not Debtor's property and thus, the automatic stay is inapplicable; and (iv) the Appellate Court of the Commonwealth of Puerto Rico, Fajardo Section (hereinafter referred to as the "Appellate Court") in case number KLAN08-01297 Costa Bonita Beach Resort v. Nicolas Megniwoff, Gabriel Espasas & Luis Santana, after taking into consideration the determinations of the Appellate Court in case number KLAN04-00337, Dev, S.E. v. Desarrolladora Punta Carenero, Sociedad en Comandita, S.E. & Desarrolladora Punta Carenero, Inc., declared that,

> "[t]he rights of the parties in regard to the road in controversy were duly adjudicated by opinions and judgments that are firm, final and unappealable. The appellants cannot use the proceedings provided by Law 140 to evade their compliance with the duties and obligations expressed in detailed by the Superior Court and moreover that were evaluated by this Court and by the Supreme Court (after denying the issuance of a certiorari to review our opinion). In fact, the matters the appellants presented to the Municipal Court neither can be presented before the judge of the Superior Court who is still hearing the controversy between the parties in an ordinary action. It is clear that the appellants do not have any right to use as a right of way access the road they designed which runs to a location different than that agreed with the petitioners as set forth in the public deed. It is also clear that they must restore to its original state the road or piece of ground of the road that deviates from the right of way they have the right to use. **These subjects are not susceptible of re-litigation.**" (Translation of excerpt provided by Creditor from Costa Bonita Beach Resort v. Nicolas Megniwoff, Gabriel Espasas & Luis Santana, KLAN 08-1297, p. 10, Docket No. 145, pgs. 11-12)

On November 9, 2009 Debtor filed its answer to Creditor's motion to lift the automatic stay (Docket No. 128) and a motion submitting the correct exhibit A to its answer to Creditor's motion to lift the automatic stay (Docket No. 129).

On November 12, 2009, Creditor filed a motion for the court to take judicial notice of several

---

the property was for $1,800,000.00 (Docket No. 187, Exhibit I).

documents and to request a term of thirty (30) days to submit certified copies and English translations of the same (Docket No. 136). Creditor filed with the court the following documents: (i) complaint in civil case num. 2008-00975; (ii) notification of Judgment of the state Appellate Court dated September 22, 2008, case number KLAN08-1297, Costa Bonita Beach Resort v. Nicolas Megwinoff; (iii) Resolution of the state Appellate Court dated October 22, 2008 in case number KLAN08-1297, Costa Bonita Beach Resort v. Nicolas Megwinoff; (iv) Determinations of Fact and Conclusions of Law and Partial Judgment, dated March 2, 2004, Carolina state court of First Instance, Dev, S.E. v. Desarrolladora Punta Carenero et al., civil case num. NSCI2001-00516; (v) Motion in Opposition of Reconsideration dated October 17, 2008, Appellate Court, civil case num. KLAN08-1297,Costa Bonita Beach Resort v. Nicolas Megwinoff; (vi) Resolution from the state Appellate Court dated October 27, 2008, civil case num. KLAN08-1297, KLAN08-1297,Costa Bonita Beach Resort v. Nicolas Megwinoff; and (vii) Judgment rendered by the Appellate Court dated March 14, 2006, civil case num. KLAN04-00337, Dev, S.E. v. Desarrolladora Punta Carenero et al. Subsequently, on November 12, 2009, Creditor filed a supplemental motion for the court to take judicial notice of the following documents: (i) Petition of Certiorari for state Supreme Court case num. CC-2006-0542, Dev, S.E. v. Desarrolladora Punta Carenero et al.; and (ii) Resolution of the state Supreme Court dated August 11, 2006 and Notification of the same dated August 14, 2006 (Docket No. 138). Also, on November 12, 2009 Creditor filed a Memorandum of Law in support of its motion to lift the automatic stay by which it presents the following arguments: (i) the judgment issued in case num. KLAN08-1297 by the state Appellate Court reversing a determination pursuant to Act Number140, the Controversies and Provisional Legal Status Act, is very persuasive since the same was issued by a court that was very familiarized with this particular case; (ii) Desarrolladora Carenero on March 17, 2003 informed the state court in case num. NCIS2001-0516 that the property had been transferred to Costa Bonita on October 30, 2001, but Costa Bonita did not join Desarrolladora Carenero in the original case in conformity with Rule 22.3 of the Puerto Rico Rules of Civil Procedure, 32 L.P.R.A., App. III ("In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. Service of the motion shall be provided in

3

Rule 22.1." Rule 22.3 of the Puerto Rico Rules of Civil Procedure, 32 L.P.R.A. App. III); (iii) Costa Bonita failed to file an intervention in the state court case to formally become a party in the state court case; (iv) the issue of lack of joinder of an indispensable party, namely Costa Bonita, was adjudicated by the state Appellate Court in its March 14, 2006 judgment and thus, is barred by the doctrine of *res judicata*; (v) Costa Bonita is bound by the state Appellate Court judgments which held that the predial servitude was illegally constructed and must be removed and restored to its original condition under the doctrine of *res judicata*; (vi) the determination of whether the illegally constructed servitude is property of the Debtor's estate must be determined by local law, namely Articles 294-299 of the Puerto Rico Civil Code, 31 L.P.R.A. §§1161-1166 and state jurisprudence; (vii) adequate protection has not been afforded to Creditor in conformity with 11 U.S.C. §362(d)(1) and (d)(2) of the Bankruptcy Code; and (viii) Debtor has no right to use the illegally constructed predial servitude, thus pursuant to 11 U.S.C. §362(d) of the Bankruptcy Code, the automatic stay may be vacated, given that Debtor lacks equity in the property and such property is not necessary for an effective reorganization. (Docket No. 145).

On November 13, 2009 a hearing was held regarding the motion requesting relief from the automatic stay (Docket No. 155). During the hearing, the court determined that the basic legal issue is whether the Debtor is bound by the judgments from the state courts. Also, the parties were to include in their supplements to their legal memoranda the issue under 11 U.S.C. §362(e)(1) of the Bankruptcy Court (Docket No. 184, p. 31). Subsequently, on November 24, 2009 Creditor filed its supplement to the Memorandum of Law by which it addresses several issues discussed herein (Docket No. 156). The first issue Creditor addressed was the applicability of Section 362(e)(1) of the Bankruptcy Code in this case. In essence, Creditor stated that the first sentence of this section was applicable to this case at hand, but at the same time it stated that the easement is not property of the estate and such section refers to property of the estate. The next issue Creditor presented was the necessity of employing the mechanism of an adversary proceeding to resolve the legal issues in this case. Creditor argues that since Debtor has no ownership or property interest in the illegally constructed road such controversy falls outside the scope of Fed. R. Bankr. P. 7001(1).

Under the doctrine of *res judicata* (claim preclusion), Creditor presents several theories

4

(arguments) pursuant to both state and federal law, that specifically focus on non-parties or parties that were represented in the first litigation and are bound by claim preclusion. In a nutshell, Creditor argues that the following theories apply to the instant case: (i) Rule 22.3 of the Puerto Rico Rules of Civil procedure is applicable given that, "... in the case of a transfer of interest the joinder of the transferee is not required and the action may proceed against the original party." (Docket No. 156, p. 5); (ii) the state Appellate Court in civil case num, KLAN04-0337 found in its March 14, 2006 Judgment that Desarrolladora Carenero and Costa Bonita were the same entity; (iii) Article 1204 of the Puerto Rico Civil Code, 31 L.P.R.A. §3343, "requires identity of parties for the existence of res judicata," (Docket No. 156, p. 7); (iv) in the case of Hernandez Perez v. Halvorsen, 2009 TSPR 121, the Supreme Court of Puerto Rico, "stated that the effects of re[s] judicata can extend to persons who were not parties to the prior litigation and that the requirement of identity is met whenever the litigants in the second suit are assignees of the litigants in the first suit. It extends to persons who participated in the first suit even if they were not formally made parties" (Docket No. 156, pgs. 7-8); (v) in the case of Sucn. Zayas v. Berrios, 90 D.P.R. 551, the doctrine of *res judicata* was extended to a nonparty whose interests were litigated, benefitted and controlled the first litigation, thus, such doctrine applies to the instant case, given the finding of the state Appellate Court which determined that Desarrolladora Carenero and Costa Bonita are the same entity; (vi) the federal nonparty control theory of the doctrine of *res judicata* is also applicable to this case given that the Appellate Court found Desarrolladora Cerenero to be the same entity and "noted that Sr. Carlos Escribabo controlled the litigation both for Cerenero and for Debtor" (Docket No. 156, p. 11); (vii) moreover, both entities (Desarrolladora Carenero and Costa Bonita) "have always litigated with the same arguments and with the same interest in every litigation to date including the present Lift of Stay" (Docket No. 156, p. 10); (viii) the successive property relationship theory of the doctrine of *res judicata* is applicable to this case because Debtor was the successor of a property interest which was transferred to the same after the filing of the complaint and during the pendency of the original state court litigation (the action was filed on June 13, 2001 and the property transfer to Debtor took place on October 30, 2001); (ix) the federal virtual representation theory is applicable because Debtor satisfies both requirements of such theory, namely that the nonparty vicariously had its day in court and a substantial identity of interest

5

in the litigation; and (x) the federal commercial relationships theory is applicable due to the privity (common ownership interests) that existed between Desarrolladora Cerenero and Costa Bonita, thus Costa Bonita is barred by claim preclusion.

On December 22, 2009, Debtor filed its Memorandum of Law (Docket No. 187) regarding the applicability of Section 362(e)(1) of the Bankruptcy Code, the necessity of filing an adversary proceeding and whether the doctrine of *res judicata* applies in the instant case. Debtor presents the following arguments regarding the applicability of Section 362(e)(1) of the Bankruptcy Code: (i) "[t]he court must decide if section 362(e)(1) is applicable to the contested matter at bench and if the easement is property of Debtor's estate for Section 362 as a whole to be applicable at all" (Docket No. 187, p. 10); (ii) "[a] reading of Section 362(a) and (e), makes it clear that their applicability hinges on the moving party establishing that the relief is being requested against property of the estate and Movant is obviously claiming that the claimed easement is not, contrary to Debtor's position. This is a controversy that can't be resolved through the summary scope of Section 362 of the Bankruptcy Code" (Docket No. 187, p. 10); (iii) "[t]hus, an easement or servitude, such as the one involved in this case, creates a property right under state law and falls within the scope of Section 541 (a). The Court must also answer if the interest in the easement in question constitutes property of Debtor's estate, as established by the facts of this case. The answer to this question must be in the affirmative and determined in a plenary proceeding" (Docket No. 187, p. 12); and (iv) "...there is no pending litigation to which Debtor is a party before the courts of the Commonwealth of Puerto Rico. Consequently, Section 362(d) and (e) are not applicable to the controversy at bench and the relief requested by Movant, since said action doesn't involve Debtor" (Docket No. 187, p.13). Debtor argues that it is necessary to file an adversary proceeding in this case because this is a proceeding governed pursuant to Fed. R. Bankr. P. 7001(2) since the same is to recover property of the estate, namely the right of use of the predial servitude.

Lastly, Debtor's arguments regarding the applicability of the doctrine of *res judicata* to the instant case are the following: (i) "...the requisite of 'identity of parties' is not present in this case because the defendants in Civil Number NCSI2001-0516 and Debtor are different juridical entities, Debtor is not a successor thereto, nor is Debtor jointly bound with them or by the relations established

by the indivisibility of prestations before Movant, nor are Debtor's rights to the easement possessed in community with said defendants" (Docket No. 187, pgs. 16-17); (ii) "[o]n March 17, 2003, Carenero notified the Superior Court that the Property had been purchased by Debtor on October 30, 2001, and Movant decided not to include Debtor as a party in Civil Number NCSI2001-00516. It is clear that Movant's intentions were to obtain a judgment against Carenero and attempt for Debtor to comply therewith, without giving Debtor the opportunity to litigate and raise its defenses in accordance with the required due process" (Docket No. 187, p. 18); (iii) the doctrine of successive property relationship is irrelevant because Creditor was notified of the transfer of property interest and the same had the opportunity to substitute or include Debtor as a defendant in civil case num. NSCI2001-0516; (iv) the doctrine of nonparty control is impertinent given that, "Eng. Carlos Escribano's participation during the litigation of Civil Number NCSI2001-00516 was as President of Carenero and not as Debtor's representative. In Civil Number NCSI2001-00516, the Superior Court never had jurisdiction over Debtor. Carenero and Debtor are two different corporations with their own juridical personalities and assets.[2] Movant did not present any evidence to establish an identity between Cerenero and Debtor and most importantly, Debtor was not a party and did not have its day in court in Civil Number NCSI2001-0516. No evidence was presented as to if Debtor had control of Carenero, as to if the operations of both corporations were exclusive and integrated, or any other 'strong and robust evidence which would justify piercing the corporate veil'" (Docket No. 187, p. 19); (v) the doctrine of virtual representation was disapproved by the Supreme Court in Taylor v. Strugell, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008) but the Court in such case "acknowledged that

---

[2]The court notes that Debtor in its Legal Memorandum included the following statement as a fact: "[a]lso, as a party to another Mortgage and Security Agreement dated as of January 13, 2004, Debtor, as successor of Carenero, delivered to Doral as collateral security for Debtor's obligations thereto, a mortgage promissory note for the principal amount of $2,000,000.00 executed by Carenero on August 30, 2002 before notary public Francisco Pujols Meneses under affidavit number 2,093" (Docket No. 187, p. 4). The court finds such fact to be chronologically inconsistent, given that Debtor became successor of Carenero on October 30, 2001, but Desarrolladora Carenero executed a mortgage promissory note on August 30, 2002 which is assumed by Debtor on January 13, 2004 as successor of Carenero and is labeled as "Mortgage Note No.2" by Debtor. The court does not comprehend how a mortgage promissory note that was executed by Carenero on August 30, 2002, somehow ends up as Debtor's "Mortgage Note No. 2."

7

the rule against non party-preclusion is subject to exception and grouped the recognized exceptions into six categories, (1) [a] person who agrees to be bound by the determination of issues in an action between others is bound in accordance with the terms of his agreement; (2) nonparty preclusion may be justified based on a variety of pre-existing substantive legal relationship[s] between the person to be bound and a party to the judgment; (3) a party was adequately represented by someone with the same interest who [wa]s a party to the suit; (4) a party assume[d] control over the litigation in which the judgment was rendered; (5) a party bound by a judgment may not avoid its preclusive force by relitigating through a proxy; (6) expressly foreclos[e] successive litigation by nonlitigants...if the scheme is otherwise consistent with due process" (Docket No. 187, p. 20); and (vi) the six categories of exceptions for nonparty preclusion are not applicable herein because (1) "Debtor did not agree to be bound by a determination in Civil Number NSCI2001-00516 or as to any issue related to the removal of Movant's easement access or as to its termination and the restoration of Movant's property;" (2) "there is no evidence of a pre-existing substantive legal relationship between Debtor and Carenero;" (3) "Debtor was not adequately represented in Civil Number NSCI2001-0516 by Carenero or any other party to the case;" (4) "Debtor didn't assume control over the litigation in which the Partial Judgment was entered;" (5) "Debtor is not bound by the Partial Judgment, nor intending to relitigate the same by proxy;" and (6) "we are not before a situation of successive litigation by nonlitigants consistent with due process" (Docket No. 187, pgs. 20-21); and (vii) "Debtor, a non party in Civil Number NCSI2001-00516, did not receive notice of, nor was afforded representation in a manner in which the Partial Judgment, as a matter of due process, can bind Debtor and thus cannot be a bar for Debtor to challenge Movant's actions" (Docket No. 187, p. 21).

On December 28, 2009, Creditor filed a motion for leave to file in seven (7) working days its reply to Debtor's Memorandum of Law (Docket No. 191). The court on December 29, 2009 granted Creditor's motion for leave to file its reply (Docket No. 192). Subsequently, on January 8, 2010 Creditor filed its reply to Debtor's Memorandum of Law by which it presented its position on the following issues: (i) "one of the issues that Punta Carenero sought appellate review for the adverse judgment entered against it in case NSCI2001-516 was that Debtor Costa Bonita was not a party to said lawsuit– which prompted the Court of Appeal's judicial determination that Punta Carenero and

Debtor Costa Bonita Beach Resort were 'the same entity'" (Docket No. 199, p. 1); (ii) "[g]iven that Debtor's interests were more than adequately protected by Punta Carenero–who, after all, is composed of the same Directors, Officers and Stockholders and who also had identical interests and defenses–Debtor's alleged lack of participation in NSCI 2001-516 was voluntary and self-inflicted, as it was fully aware of the existence of the lawsuit filed by DEV, S.E., but instead, it voluntarily opted no to intervene–having a clear and affirmative duty to do so in said case according to Hernández Agosto v. López Nieves, *infra*;" (iii) "Debtor included DEV, S.E. as a creditor in Schedule F of its Bankruptcy petition for the amount of '$100.000.00' due to a 'Lawsuit Action'–by including DEV, S.E. among its list of creditors, Debtor's had acknowledged owing money to DEV, S.E. as a result of the NSCI2001-00516's Judgment– hence, by its own admission, Debtor has recognized that it is indeed bound by said Judgment against Costa Bonita" (Docket No. 199, p.2); and (iv) "[i]n Hernández Agosto v. López Nieves, 114 D.P.R. 601 (1983), the Supreme Court of Puerto Rico concluded that, [w]hen <u>the absentee third person may avoid a possible injury to him by filing a voluntary appearance or by intervening, he cannot seek the protection of Rule 16. Even assuming the possibility of prejudice, it is up to the absentee to avoid it</u> (emphasis supplied)," thus Debtor had the duty to request leave to intervene in this case (Docket No. 187, p. 3). Lastly, on January 12, 2010, Debtor filed a certified translated copy of Exhibit A (the Partial Judgment rendered by the state court in case number NCSI2001-00516 <u>DEV, S.E. v. Desarrolladora Punta Carenero, et al</u>) pertaining to its answer to motion to lift the automatic stay (Docket No. 200).

Applicable Law and Analysis

*Full Faith and Credit & Res Judicata*

Federal courts are required to give full faith and credit to a final judgment issued by a court of the Commonwealth of Puerto Rico. <u>See</u> 28 U.S.C. §1738 (providing that records and judicial proceedings of every court within the United States, Territories and Possessions shall have the same full faith and credit that they have by law in the State, Territory or Possession in which they are taken); <u>See</u> <u>Allen v. McCurry</u>, 449 U.S. 90, 95-96, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980); <u>Baez-Cruz v. Municipality of Comerio</u>, 140 F. 3d 24, 28 n.1 (1st Cir. 1998); <u>Muñiz Cortes v. Intermedics, Inc.</u>, 229 F. 3d 12, 14 (1st Cir. 2000). In conformity with the full faith and credit statute a federal court

9

must enforce a state court judgment when an action is brought for that purpose. See Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d §4469 at 79. Puerto Rico law applies in deciding the *res judicata* effect of a state court judgment in a federal court. Montalvo-Huertas v. Rivera-Cruz, 885 F. 2d 971, 974 (1st Cir. 1989); Cruz v. Melecio, 204 F. 3d 14, 18 (1st Cir. 2000); Perez-Guzman v. Gracia, 346 F. 3d 229, 233 (1st Cir. 2003); See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984).

The preclusion doctrine is mandated by Article 1204 of the Puerto Rico Civil Code which provides: "[i]n order that the presumption of the res judicata may be valid in another suit, it is necessary that, between the case decided by the sentence and that in which the same is invoked, there be the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such." 31 L.P.R.A. §3343. Although the statute only mentions claim preclusion it also allows issue preclusion. Muñiz Cortes v. Intermedics, Inc., 229 F. 3d 12, 14 (1st Cir. 2000); Baez-Cruz v. Municipality of Comerio, 140 F. 3d at 29. Thus, a party asserting a *res judicata* defense must satisfy a three (3) prong test which consists of the following: (i) a prior judgment on the merits that is "final and unappealable"; (ii) a perfect identity of thing or cause between both actions; and (iii) a perfect identity of the parties and the capacities in which they acted. R.G. Fin. Corp. v. Vergara-Nuñez, 446 F. 3d 178, 183 (1st Cir. 2006) citing Boateng v. InterAm. Univ., Inc., 210 F. 3d 56, 61-62 (1st Cir. 2000) Moreover, "the Supreme Court of Puerto Rico has held that when an issue 'essential to the prior judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive in subsequent litigation among the parties'" Cortes v. Intermedics, Inc., 229 F. 3d at 14 citing Felix Davis v. Vieques Air Link, 892 F. 2d 1122, 1124-25 (1st Cir. 1990) (citing Pereira v. Hernandez, 83 D.P.R. 160, 83 P.R.R. 156, 161 (1961)). Debtor contends that *res judicata* is inapplicable because the element of identity of parties is not present in the instant case, since Debtor and Desarrolladora Carenero are different juridical entities with separate assets, thus this court will focus its analysis on the perfect identity of parties requirement of the claim preclusion doctrine.

Article 1204 of the Puerto Rico Civil Code establishes that there is identity of parties "...whenever the litigants of the second suit are legal representatives of those who litigated in the preceding suit, or when they are jointly bound with them or by the relations established by the

indivisibility of prestations among those having a right to demand them, or the obligation to satisfy the same." 31 L.P.R.A. §3343. The purpose behind the perfect identity requirement is simply "to guarantee that the rights and obligations of a particular litigant will not be foreclosed without that litigant's knowledge or opportunity to participate." R.G. Fin. Corp. v. Vergara-Nuñez, 446 F. 3d at 185 citing Futura Dev. Corp. v. Centex Corp., 761 F. 2d 33, 43 (1st Cir. 1985). However, it is important to note that Puerto Rico courts do not read the requirement for the most perfect identity of parties literally. Baez-Cruz v. Municipality of Comerio, 140 F. 3d at 29. In A &P Gen. Contractors v. Asoc. Cana, the Supreme Court of Puerto Rico held that joint debtors did not satisfy the identity of persons requirement because it resulted in different effects for the parties, namely different causes of action and there was also lack of identity of their capacity. However, the Supreme Court of Puerto Rico as part of its analysis for the identity of persons requirement stated that, "[t]he common bonds required for there to be identity of persons are those in which 'the person who litigates in the second action exercises the same action and invokes the same grounds and relies on the same titles as in the first.'" A&P Gen. Contractors v. Asoc. Cana, 110 D.P.R. 753 (1981), 10 P.R. Offic. Trans. 984 quoting Sucn. Zayas v. Berrios, 90 D.P.R. 551 (1964); González v. Méndez et al., 15 P.R.R. 682, 698 (1909). The Supreme Court further stated that, "[t]he bond sought is that capable of placing the parties in such a position, as if they were only one in relation to the prestations that may be in issue, and it is the same type of relationship that exists between the successor in interest and predecessor. A&P Gen. Contractors v. Asoc. Cana, 110 D.P.R. 753 (1981), 10 P.R. Offic. Trans. 984. Thus, the requirement of identity of persons required by Article 1204 of the Puerto Rico Civil Code may be satisfied by different juridical persons that have certain juridical relationships. Hernandez Perez v. Halvorsen, 2009 TSPR 121.

In the instant case, the Appellate Court in case number KLAN04-00337 Dev, S.E. v. Desarrolladora Punta Carenero, Sociedad en Comandita, S.E. & Desarrolladora Punta Carenero, Inc. specifically held that Desarrolladora Carenero and Costa Bonita were the same entity, thus quashing

Desarrolladora Carenero's claim for joinder of Costa Bonita as an dispensable party.[3] This court must give full faith and credit to the judgment of the Appellate Court of the Commonwealth of Puerto Rico, meaning that it is barred from revisiting Debtor's claim that it is not the same entity as Desarrolladora Carenero in the context of the state court proceeding as a successor in interest of the property transferred. [4]

Notwithstanding, this court concludes that for *res judicata* purposes Costa Bonita is the successor in interest of the predial servitude which has been in controversy since the year 2001 in three (3) separate state court proceedings. Costa Bonita acquired the real property on October 30, 2001 that has the easement right as the dominant tenement over Creditor's property approximately five (5) months after the complaint for denying existence of easement was filed (June 13, 2001) in state court. Desarrolladora Carenero informed the state court on March 17, 2003 that such real estate had been transferred to Costa Bonita. Thus, for all practical purposes Desarrolladora Carenero was a nominal party in the state court litigation since Costa Bonita was the real party in interest since the property had been transferred to the same. Moreover, Costa Bonita as the real party in interest has had

---

[3]The Appellate Court specifically established the following: (i) Desarrolladora Carenero raised as an affirmative defense in its answer to the complaint the lack of joinder of an indispensable party, namely Costa Bonita; (ii) Costa Bonita was not in the litigation scenario when the servitude in controversy was usurped and asphalted by Desarrolladora Carenero; (iii) five months after Dev, S.E. filed the complaint, Desarrolladora Carenero on October 30, 2001 transferred its title/ownership to  Costa Bonita; (iv) Desarrolladora Carenero informed the state court (2) years after said transfer had occurred; (v) the only shareholders, officers and directors of Costa Bonita are the Escribanos; and (vi) Mr. Escribano as president of Desarrolladora Carenero was present at the hearings on the merits before the Court of First Instance. The Appellate Court concluded that Desarrolladora Carenero and Costa Bonita were the same entity. The Appellate Court further noted that the determination of joinder of an indispensable party hinges on the particular facts of the case in which a juridical evaluation of certain factors must be performed. KLAN04-00337 Dev, S.E. v. Desarrolladora Punta Carenero, Sociedad en Comandita, S.E. & Desarrolladora Punta Carenero, Inc. pgs. 20-21.

[4]This court notes that Creditor in conformity with 48 U.S.C. §864 must submit to this court an English certified copy of the translation of the Judgment from the Appellate Court in case number KLAN04-00337 Dev, S.E. v. Desarrolladora Punta Carenero, Sociedad en Comandita, S.E. & Desarrolladora Punta Carenero, Inc., since the same is essential to the outcome of this case. See Puerto Ricans for P.R. Party v. Dalmau, 544 F. 3d 58, 67 (1st Cir. 2008).

12

the opportunity to litigate and raise its defenses in conformity with due process.

*Rooker-Feldman Doctrine*

Pursuant to the Rooker-Feldman doctrine, federal district courts do not have jurisdiction over "federal complaints...[that] essentially invite[] federal courts of first instance to review and reverse unfavorable state-court judgments." Exxon Mobil Corp. v. Saudi Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 1521, 161 L. Ed. 2d 454 (2005); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923). The rationale underlying the doctrine is that only the United States Supreme Court has jurisdiction over appeals from state courts. [5] 28 U.S.C. §1257; Federación de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico, 410 F. 3d 17 (1st Cir. 2005).

In Exxon Mobil, the Supreme Court of the United States restated the confines of the Rooker-Feldman doctrine, the unanimous court concluding that:

> The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commences and inviting district court review and rejection of those judgments, *Rooker-Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions." 125 S. Ct. At 1521-1522.

The Court explained the limited circumstances in which Rooker-Feldman applies and stated that "[i]n both cases, the losing party in state court filed suit in federal court after the state proceedings ended,.." Id. at 1526. However, the Rooker-Feldman doctrine is "confined to [1] cases brought by state court losers [2] complaining of injuries caused by state court judgments [3] rendered before the district court proceedings commenced and [4] inviting district court review and rejection of those judgments." Lance v. Dennis, 546 U.S. 459, 464, 126 S. Ct. 1198, 163 L. Ed. 2d 1059 (2006) (quoting Exxon Mobil, 544 U.S. at 284); see also Coors Brewing Co. v. Mendez-Torres, 562 F. 3d 3, 19 (1st Cir. 2009). The Court recognized that "[c]omity or abstention doctrines may, in various circumstances, permit or require federal court to stay or dismiss the federal action in favor of the

---

[5]Or the Supreme Court of Puerto Rico. 28 U.S.C. §1258.

state-court litigation." Id. at 1527.

In Federación, the United States Court of Appeals for the First Circuit altered its prior understanding of Rooker Feldman after Exxon Mobil. 410 F. 3d at 19, 21-24. The court of appeals held in Federación that the Rooker-Feldman doctrine applies only in the limited circumstances where the losing party files the action in federal court after the state proceedings have ended. 410 F. 3d at 24. A state court judgment is sufficiently final for the application of the Rooker-Feldman doctrine when the state proceedings have ended; if the federal proceedings are begun before the state proceedings have ended then the doctrine does not deprive the federal court of jurisdiction. Id. at 24, citing Exxon Mobil, 125 S. Ct. at 1526.

The court of appeals goes on to discuss three situations, or tests, to determine whether state proceedings have "ended." 410 F. 3d at 24. First, state proceedings have ended "when the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved." Id. Second, state proceedings have ended "if the action has reached a point where neither party seeks further action." Id. Lastly, state proceedings have ended, for purposes of the Rooker-Feldman doctrine, on the federal questions at issue, "if the state court proceedings have finally resolved all the federal questions in the litigation but state law or purely factual questions remain to be litigated." Id.

Pursuant to the laws of Puerto Rico, a judgment is a decision that revolves in final form the controversy before it so that an appeal may be taken. U.S. Fire Insurance Co. v. Autoridad de Energia Electrica, 151 D.P.R. 962 (2000). A judgment is final and firm (final y firme) when it is unappealble or subject to reconsideration. Suarez Morales v. Estado Libre Asociado de Puerto Rico, 162 D.P.R. 43 (2004); Bolivar v. Aldrey, 12 D.P.R. 273 (1907). In the instant case, the state proceedings have ended, given that there is a final judgment on the merits from the Appellate Court in case number KLAN04-00337 Dev, S.E. v. Desarrolladora Punta Carenero, Sociedad en Comandita, S.E. & Desarrolladora Punta Carenero, Inc. and the Supreme Court of Puerto Rico denied the issuance of certiorari to review the Appellate Court's judgment. Moreover, in the instant case the Rooker-Feldman doctrine is applicable since it is brought about by a state court loser who wants a federal court to review and ultimately reject a state court judgment by which the same concluded that Debtor

14

and Desarrolladora Carenero were the same entity and most importantly affirmed the partial judgment from the court of First Instance which held that Desarrolladora Carenero had constructed an illegal servitude and that the same must be removed. Thus, this court concludes that the Rooker-Feldman doctrine deprives this court of jurisdiction over this matter because the state court proceedings have ended, and the decision of the Appellate Court is final.

*Relief from the Automatic Stay pursuant to §362(e)(1)*

Section 362(e)(1) of the Bankruptcy Code provides that, "[t]hirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with request to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section." 11 U.S.C. §362(e)(1). However, the procedures contained in this section apply specifically to a motion seeking relief from the automatic stay against property of the estate. See Alan N. Resnick & Henry J. Sommer, 3 Collier on Bankruptcy ¶362.08[3](15th ed. 2009). Section 541(a)(1) provides that, "[e]xcept as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §541(a)(1). The scope of Section 541(a)(1) regarding rights and interests of the debtor in real property is broad in nature and the existence of these property rights and interests is defined by nonbankruptcy law. See Alan N. Resnick & Henry J. Sommer, 5 Collier on Bankruptcy ¶541.05(15th ed. 2009); Butner v. United States, 440 U.S. 48,55, 59 L. Ed. 2d 136, 99 S. Ct. 914 (1979). Article 465 of the Puerto Rico Civil Code defines a servitude in general as, "... a charge imposed upon an immovable for the benefit of another tenement belonging to a different owner. The immovable in favor of which the servitude is established is called the dominant tenement; the one subject thereto is called the servient tenement." 31 L.P.R.A. §1631. This section specifically refers to predial servitudes. Generally, a predial servitude is a subjective real property right of a perpetual character which is granted for the benefit of a dominant tenement. Desarrollos de Cuidad Real, S.E. v. Municipio de Vega Baja, 161 D.P.R. 160, 171 (2004). Article 470 of the Puerto Rico Civil Code provides that servitudes are inseparable from the tenements to which they belong. 31 L.P.R.A. §1636. Moreover, Article 534 of the Puerto Rico

Civil Code establishes that the title deed determines the rights of the dominant and the obligations of the servient tenement. Furthermore, the will of the parties as expressed in the deed will determine the rights and duties of the dominant and servient tenements. Mendez v. Bowie, 118 F. 2d 435, 442 (1st Cir. 1941). A servitude granted for the benefit of another property may not be extended to other property. Id at 442.

In this particular case, the Appellate Court in case number KLAN04-00337 Dev, S.E. v. Desarrolladora Punta Carenero, Sociedad en Comandita, S.E. & Desarrolladora Punta Carenero, Inc. affirmed the partial judgment of the Court of First Instance[6] in case number NCSI2001-00516 DEV, S.E. v. Desarrolladora Punta Carenero, et al. which in turn held that Desarrolladora Carenero had constructed an illegal predial servitude on Creditor's property. Thus, this court in conformity with the judgment from the Appellate Court concludes that said illegal servitude is not property of the Debtor's estate.

---

[6] The Court of First Instance in its Partial Judgment held that, "[o]n the grounds hereinabove expressed, the complaint filed by DEV, S.E., is hereby granted and as a consequence thereof, the Co-Defendants are hereby prohibited from utilizing the plots of land hereinabove mentioned and are hereby ordered to restore the lands of the parcels owned by Plaintiff to the original state and to permanently abstain from interfering in those plots of land, except when exercising the acts that are appropriate to the easement that is recognized herein. It is hereby ordered that proceedings be continued in regard to damages claimed. Pursuant to Civil Procedure Rule 43.5, the Court expressly holds that there is no reason to defer entry of judgment on the claim until final and total resolution of the case and, therefore, orders that this partial judgment be notified and registered. No expenses, costs or attorneys fees are awarded at the present stage. A hearing is scheduled on damages for July 10, 2004 at 9:00AM, Rom 301." NCSI2001-00516 DEV, S.E. v. Desarrolladora Punta Carenero, et al. (Certified Translation).

16

Conclusion

In view of the foregoing, the court lifts the automatic stay, to the extent it may be applicable, to allow Dev, S.E. to pursue appropriate action before the courts of the Commonwealth of Puerto Rico, and enforce the judgment for the removal of the illegal easement and the restoration of the land to its original condition.

Creditor must submit copies of certified translations in English of the Appellate Court Judgment in case number KLAN04-00337 <u>Dev, S.E. v. Desarrolladora Punta Carenero, Sociedad en Comandita, S.E. & Desarrolladora Punta Carenero, Inc</u>. within fourteen (14) days of the date of issuance of this court's Opinion and Order.

SO ORDERED.

In San Juan, Puerto Rico, this 23rd day of February 2010.

_____
ENRIQUE S. LAMOUTTE
U. S. Bankruptcy Judge